## 21512

Diane T. BONNETTE, Appellant, v. Leroy T. BONNETTE, Respondent.

(281 S. E. (2d) 790)

*Thomas B. Bryant, III,* of *Bryant, Fanning & Yarborough,* Orangeburg, *for appellant.*

*Marshall B. Williams,* of *Williams & Williams,* Orangeburg, *for respondent.*

July 8, 1981.

LEWIS, Chief Justice:

The sole issue to be decided concerns the custody of the minor daughter of the parties, who was three (3) years of age at the time of the decision in the lower court. The parties have been granted a legal separation and the question of the custody of the child arises out of that action. The trial judge awarded custody to the father. We reverse.

In the divorce action, the father charged the mother with one instance of adultery and the mother charged the father with drunkenness, both with apparent justification. Both worked during their marriage, the mother at a manufacturing concern and the father as a deputy sheriff. The mother had been previously married and had custody of the

two children of that marriage, one a girl age twelve (12) and a son ten (10). While an agreeable visitation arrangement was apparently followed with the children of her first marriage, no charge is made that any conduct of the mother adversely affected the best interests of those children. At least, the record indicates no great concern of the lower court over their association with the mother.

The stated concern of the lower court and the respondent father is that the mother's one indiscretion renders her unfit to be a proper mother to the child. Yet, the record shows that, but for this incident, she has been a good mother to her children and is a proper and fit person to have their custody.

It is clearly shown by the record that the father, a deputy sheriff, works irregular hours and shifts and must, of necessity, leave the care of the child to others. Since receiving custody, the father has been assisted in caring for the child by a sister age 47, another sister age 56, by his mother who is 84 years of age, and several other people, among them a baby sitter. The testimony supports the mother's contention that the child is being handed from one caretaker to another, which creates an unstable environment in which to rear the child. There is no indication that the constant shifting of the child from one caretaker to the other to suit the particular work schedules or desires of the father will change. The record strongly indicates that the father's motivation in seeking custody is more to punish the mother than to serve the best interests of the child.

Of course, in determining child custody the controlling consideration is the welfare of the child. This must, of necessity, be determined by the facts and circumstances peculiar to each case. "The morality of a parent is a proper factor for consideration but is limited in its force to what relevancy it has, either directly or indirectly, to the welfare of the child. Custody of a child is not granted a party as a reward or withheld as a punish-

ment." *Davenport v. Davenport,* 265 S. C. 524, 220 S. E. (2d) 228.

The admitted moral lapse of the mother is not indicative of a continued course of conduct, and the father has failed to prove by the greater weight of the evidence that the welfare of the child requires that custody be granted to him. Certainly, the father's admission that, even on his days off, he chooses to leave the child with the baby sitter supports the conclusion that he has no intention to assume the daily parental care and control of the child.

The judgment of the lower court is accordingly reversed and the case remanded to the lower court to determine any remaining questions, including that of support for the child.

NESS and GREGORY, JJ., concur.

LITTLEJOHN and HARWELL, JJ., dissent.

LITTLEJOHN and HARWELL, Justices (dissenting) :

We respectfully dissent and would affirm the order of the family court judge.

While not spelled out as a basis for the reversal, implicit in the majority opinion is a finding that the trial judge abused its discretion.

Admittedly, there is involved a close question. In such matters the trial judge should be allowed a wide discretion and his order should not be reversed without adequate considerations, which in our view do not appear in the record.

Discretion, allowed to a trial judge, is not easily defined. In actuality, there is involved merely a degree of disagreement. When an appellate court is in agreement with the trial judge, or where the disagreement is mild, the court affirms on the ground that the lower court has exercised its discretion properly. When the disagreement between the appellate court and the trial court is more substantial, the

higher court says that the lower court abused its discretion. The facts in this case do not warrant a reversal.

We would affirm the order of the lower court.